UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:13CR192 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY HOOKS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter came before the Court regarding Defendant Timothy Hooks request to withdraw his guilty plea. For the reasons that follow, Defendant's Motion is denied.

## I.      Background

On November 2, 2012, Defendant and Darnell Defrance entered a store in Warren, Ohio, and discussed money and drugs with an undercover agent.  The undercover agent purchased approximately 35 grams of cocaine base (crack), supplied by Defrance.

Defendant was indicted on April 10, 2013.  He was charged, along with four other defendants,  of conspiracy to possess with the intent to distribute and distribution of 280 grams or more of cocaine base, in violation of 21 USC  841(a)(1), (b)(1)(A) and 846.  He was further charged with one count of distribution of more than 28 grams of cocaine base, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B).

On June 3, 2013, Defendant appeared before the Court for a change of plea.  Initially, despite his statements that he wished to plead guilty to Count One, Defendant appeared distraught.  As such, the Court recessed to allow Defendant time to discuss the matter with his counsel.  When the Court later reconvened, Defendant again stated that he wished to plead guilty to the crime, but still appeared distressed.  As such, the Court took a lengthy recess to again

allow Defendant time to discuss the matter with his counsel.  Upon reconvening, Defendant once again informed the Court that he admitted to the factual basis as set forth in the complaint and wished  to enter a guilty plea.  After inquiry, the Court accepted Defendants plea.

On August 13, 2013, Defendant filed a pro se motion to withdraw his plea, for an evidentiary hearing, and to appoint new counsel.  On August 29, 2013, the Court held a hearing on Defendant's motion.  The Court granted Defendant's motion for new appointed counsel and allowed new counsel to supplement Defendant's motion with withdraw his plea.  On November 7, 2013, the Court held a hearing on Defendant's motion to withdraw.  The Court denied the motion and this written opinion follows.

## II.     Discussion

A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir.1987). A defendant may withdraw a guilty plea after the court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). This rule is intended "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994) (internal quotation marks omitted), superseded on other grounds by statute as stated in *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir.2000). "The defendant has the burden of proving the existence of a 'fair and just reason' supporting the withdrawal of his or her guilty plea." *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir.1998) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996)).

2

In determining whether a defendant has shown a "fair and just reason" for withdrawal of his guilty plea, the Court may consider the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181. The listed factors are non-exclusive, and no single factor is controlling. *Bazzi*, 94 F.3d at 1027 (6th Cir.1996). Where a defendant fails to establish a "fair and just reason" for withdrawing his guilty plea under the first six *Bashara* factors, the Court need not consider the seventh factor. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991). Defendant contends that his decision on June 3, 2013 to plead guilty "was one which he knew at the time that he should not have done, and that his entering the plea was made with unsure heart and confused mind, and that therefore, he requests that this decision to enter a plea of guilty be undone." Doc. 103, pg. 4. In considering the above factors, the Court determines that Defendant has failed to meet his burden to establish a "fair and just reason" for withdrawing his plea.

**a.  Length of time between plea and withdrawal.**

Defendant entered his plea on June 3, 2013. He filed his pro se motion on August 13, 2013, approximately 71 days later. This delay weighs against Defendant's motion. Both Defendant and the Government point to *U.S. v. Jannuzzi*, 2009 WL 579331, *3, for the proposition that 30 days is "at the boundary line between what is acceptable and what is not. Regardless of the weight given to the timeliness factor, however, a defendant needs the

remaining factors viewed as a whole to weigh in his favor to demonstrate an entitlement to relief." Citing *U.S. v. Dixon*, 479 F.3d 431, 436-437 (6th Cir. 2007). Defendant provides no argument that the 71 day time lapse is acceptable.

**b. The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings**

Defendant notes that at the plea hearing, he was visibly distraught and "exclaimed to the Court that he was innocent of the charges." Doc. 103, pg 6. He further contends that although he "eventually entered his plea of guilty that day, it was within a couple of days thereafter that he wished to withdraw his plea. Eventually, Mr. Hooks was required to file the motion pro se." Id. He contends that his demeanor at the time of his plea supports his position that he was distraught and that he wanted to withdraw the plea very soon after. Defendant, however, fails to argue or support an argument that there was a valid reason for *failure to move* for withdrawal sooner than 71 days after his guilty plea.

**c. Whether the defendant has asserted or maintained his innocence**

At his plea hearing, Defendant asserted on the record that he was innocent of the charged crimes. He stated that "I can't plead guilty to something I didn't do, Your Honor. No, I can't do this. I can't do it. I'm just lying to myself. I can't do this. I'd rather take my chance, put my life on the line. I did not do this. I would rather—no, I can't lie and take this plea." Doc. 77, pg. 12. Further, he again stated his innocence in his motion to withdraw his plea. Doc. 74, pg. 2. Defendant admits to being a drug addict and that he went to the storefront, an area where he knew drug transactions took place, but that his "sole intention was merely to get high." He maintains that he was not involved in the conspiracy to sell drugs.

Although Defendant did assert his innocence at the plea hearing, he subsequently admitted to the factual basis contained in his plea agreement. Doc. 79, pg. 22-23. The

4

government read this factual basis into the record, which included statements made by Defendant regarding how he cooked the cocaine basis and during which he and Defrance sold an undercover agent approximately 35 grams of cocaine base.  He admitted to these facts as well as that he knew the substance he possessed and distributed was actually cocaine base or crack. Doc. 79, pg. 23.  "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  His request to now withdraw his plea does not contest that he admitted to the above stated facts.  Rather, he now simply asserts that he was at the wrong place at the wrong time.  Given the facts and circumstances surrounding his open admission in Court and  the lengths the Court went to to ensure Defendant understood the nature and basis of his plea,  this Court does not conclude that Defendant's subsequent statements of innocent negate the plea.

### d.   The circumstances underlying the entry of the guilty plea

Defendant states that he hastily entered his plea with an "unsure heart and a confused mind" based on the fact that he initially declared that he was innocent of the charged crimes and that he was so distraught during his plea hearing.  The transcript of the plea hearing showcases the great lengths the Court took to ensure Defendant was certain about his plea and that he was understood what he was doing.  As noted above, the Court took several breaks to allow Defendant time to discuss his plea with his attorney.  The Court assured Defendant that he did not have to enter a plea if he was uncertain. The Court even offered Defendant take more time to think about his plea when Defendant assured the Court that "I'm ready.  I'm ready.  It's not going to change too much."  Doc. 77, pg. 16.  After further colloquy, Defendant stated "I admit to it, Your Honor.  I admit to it.  I admit to it.  I admit to it."  Id.  The Court concluded that it was not prepared to enter the plea based upon how distraught Defendant was.  The Court again

recessed to allow Defendant more time to think about his plea. Upon reconvening, Defendant again indicated his desire to plead guilty. The circumstances underlying Defendant's guilty plea was not so remarkable as to come to a conclusion that Defendant was pressured into pleading guilty under extreme duress.

**e. The defendant's nature and background and Criminal history**

Defendant admits that he has had a long history of abusing substances. While he has sought treatment throughout the past 15 years, he admits that it was usually because he had no money or a place to stay, so he would check into a hospital for treatment until he received his public assistance check, and then check out of the facility. He contends that this behavior supports his contention that he was merely a drug abuser and not involved in a conspiracy to sell drugs.

The parties agree that Defendant has a total of 14 adult convictions from 1987-2006. Five of these convictions were offenses involving either the distribution or possession of drugs or drug paraphernalia. Further, Defendant has previous entered into plea agreements and pled guilty to his convictions. As such, it is clear that Defendant has an extensive history with the criminal justice system, in particular with what it meant to plead guilty.

**f. Prejudice to the Government**

As explained above, where a defendant fails to establish a "fair and just reason" for withdrawing his guilty plea under the first six *Bashara* factors, the Court need not consider the seventh factor. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991). For the foregoing reasons, Defendant has failed to establish a fair and just reason to withdraw his plea. Thus, the Court does not consider this factor.

**g. Ineffective Assistance of Counsel**

The Court notes that in his pro se motion to withdraw his plea, he contends that he was denied effective counsel. Doc. 74, pg. 3. Specifically, he contends that his counsel did not argue or present the argument that he was simply at the wrong place at the wrong time and not part of the conspiracy. He argues that his counsel informed him that he "does not have a chance in court" and that his counsel did not try "to investigate the basics of the case." *Id.* at pg. 4.

Ineffective assistance of counsel may also constitute a "fair and just reason" for allowing a defendant to withdraw a guilty plea. *United States v. Werth*, No. 93–2379, 1994 WL 533066, at *3 (6th Cir. Sept.30, 1994). Claims of ineffective assistance of counsel in the plea agreement context are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984). A defendant bears the burden of proving that: (A) "counsel's representation fell below an objective standard of reasonableness;" and (B) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985).

Defendant argument is not that he would have insisted on going to trial had his counsel done what he believes should have been done. In fact, the information he is suggesting his counsel "should have" researched was information allegedly *known* to Defendant at the time he pled guilty. Instead of making the Court aware of any alleged issues with his counsel, he pled guilty. The Court finds it difficult to give credibility to any such statement when no such claim was ever made in open court, despite the Court granting defendant multiple opportunities to speak and consider the plea.

## III. CONCLUSION

In considering the factors set forth in *Bashara*, the Court determines that Defendant has failed to meet his burden to establish a "fair and just reason" for withdrawing his plea.

Defendant has further failed to establish that his counsel was ineffective thus providing a fair and just reason to withdraw his plea.  Accordingly, Defendant's motion is hereby DENIED.


      IT IS SO ORDERED.


DATED: <u>October 28, 2013</u>               <u>*/s/ John R. Adams*           </u>
                                                Judge John R. Adams
                                                UNITED STATES DISTRICT COURT