UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HOOKS, | ) | CASE NO. 4:13CR192 |
| | ) | 1:15CV1897 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner Timothy Hook's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 172. The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

Hooks raises three grounds for relief in his petition. The Court will address each ground in turn.

First, Hooks contends that the Government lacked standing to prosecute him. More specifically, Hooks contends that the docket in this matter does not reflect that a grand jury of at

1

least 12 voted to indict him. Hooks alleges that absent an affirmative showing of this fact on the docket, his conviction must be vacated.

In support, Hooks asserts that Fed.R.Crim.P. 6(c) requires the a record with the number of jurors concurring in the indictment be filed with the clerk of court. Hooks further asserts that the language "will file the record with the clerk" mandates that filing appear on the public docket in his criminal matter. In so doing, Hooks ignores the remaining portion of that same sentence in Rule 6 stating "but the record may not be made public unless the court so orders." The indictment in this matter notes as follows at its conclusion: "Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002." There is no law that Hooks has identified requiring that this signature page be placed on the public docket. Moreover, he has raised no factual argument to suggest that there was any irregularity in the grand jury proceedings. As such, this Court finds no basis for ordering that the vote count be made public. Accordingly, Hooks first ground for relief lacks merit.

In his second ground for relief, Hooks claims ineffective assistance of counsel. The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Hooks must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Hooks must show that his counsel's deficient performance actually prejudiced his defense. *Id.* Hooks cannot demonstrate either prong in his second ground for relief.

Hooks sole assertion regarding his counsel appears to be counsel that counsel "coerced" him into his guilty plea when counsel falsely told him that the maximum penalty for his crime was life imprisonment. In raising this argument, Hooks ignores that he swore in open court that he had read and understood his plea agreement. The agreement itself clearly states on its face that Hooks faced

a maximum term of imprisonment of 40 years. As such, even if the Court were to accept Hooks' self-serving statement regarding his counsel, he cannot demonstrate prejudice. Rather, the record reflects that Hooks was made aware of the actual maximum term of imprisonment prior to the Court accepting his guilty plea. His second ground for relief lacks merit.

In his third ground for relief, Hooks contends that this Court erred when it denied his motion for sentence reduction without allowing him adequate time to review the Government's opposition and file a reply. There is no merit in Hook's argument. Hook's motion for sentence reduction was denied because he was sentenced to a mandatory minimum, making him ineligible for a sentence reduction. No amount of time or reply brief could alter this legal bar to the relief he sought. Accordingly, his third and final ground for relief lacks merit.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: September 22, 2015   /**s**/ *John R. Adams*
　　　　　　　　　　　　　　　**JOHN R. ADAMS**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**